UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RAYMOND AIGBEKAEM, Fed. Reg. # 94655-379, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 24-0461 (UNA) |
| MERRICK GARLAND, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of Raymond Aigbekaen's Motion to Proceed *In Forma Pauperis* (ECF No. 2) and *pro se* "Petition for Writ of Mandamus/Motion to Compel Specific Performance" (ECF No. 1). The Court DENIES the *in forma pauperis* application because Petitioner has run afoul of the Prison Litigation Reform Act's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1149 (D.C. Cir. 2017) ("[A] dismissal of a prisoner's lawsuit for failure to state a claim, or as frivolous or

[1]

malicious, is commonly referred to as a strike."); *see also In re Kissi*, 652 F.3d 39, 41-42 (D.C. Cir. 2011) (per curiam) (applying "three strikes" provision to petition for writ of mandamus).

Petitioner has accumulated the requisite number of "strikes." *See Aigbekaen v. Warden of FCI Danbury*, No. 3:21-cv-1526 (JAM), 2022 WL 1658819, at *4 (D. Conn. May 25, 2022) (dismissed without prejudice under 28 U.S.C. § 1915A(b)(1)); *Aigbekaen v. Apple, Inc.*, No. 20-cv-1603-JAH-LL, 2020 WL 6271027, at *3 (S.D. Cal. Oct. 26, 2020) (dismissed *sua sponte* as frivolous pursuant to 28 U.S.C. § 1915A(b)(1); *Aigbekaen v. Field Museum of Natural History*, No. 20-cv-04037 (N.D. Ill. Oct. 2, 2020) (dismissed as frivolous), *appeal dismissed*, No. 20-3452 (7th Cir. Feb. 18, 2021); *Aigbekaen v. Homewood Suites by Hilton*, No. 1:20-cv-2167 (D. Md. July 31, 2020) (dismissed without prejudice under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)), *aff'd*, 841 F. App'x 628 (4th Cir. Apr. 2, 2021) (per curiam); *Aigbekaen v. Maddox*, No. 8:19-cv-01658 (D. Md. Feb. 6, 2020) (dismissed without prejudice under *Heck*); *Aigbekaen v. Barr*, No. 8:20-cv-00169 (D. Md. Feb. 6, 2020) (dismissed complaint against defendants immune from suit, for failure to state claims under 42 U.S.C. § 1983, and under *Heck*).

In this circumstance, Petitioner may proceed *in forma pauperis* only if he qualifies under the "imminent danger" exception. *See Pinson v. U.S. Dep't of Justice*, 964 F.3d 65, 68 (D.C. Cir. 2020). The Court "assess[es] . . . danger at the time plaintiff filed his complaint and thus look[s] only to the documents attesting to the facts at that time, namely his complaint and the accompanying motion for [*in forma pauperis*] status." *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (D.C. Cir. 2009). There must be "a nexus between the harms [a prisoner] allege[s] and the claims [he] bring[s]." *Pinson*, 964 F.3d at 71. Here, Petitioner alleges he is denied

adequate medical care for myriad conditions, yet none puts Petitioner in imminent danger of serious bodily injury.[1]

Accordingly, it is hereby

ORDERED that Petitioner's Motion to Proceed *In Forma Pauperis* [2] is DENIED under 28 U.S.C. § 1915(g); it is further

ORDERED that the petition [1] is DISMISSED without prejudice; and it is further

ORDERED that this civil action is DISMISSED without prejudice.  If Petitioner wishes to proceed, he may file a motion to reopen this action *and* he must pay the filing fee in full.

The Clerk of Court shall TERMINATE this action.

SO ORDERED.

/s/
TANYA S. CHUTKAN
United States District Judge

DATE: April 17, 2024

---

[1] The Court notes that Petitioner recently has filed a substantially similar mandamus petition, *see Aigbekaen v. Biden*, No. 1:23-cv-3079 (D. Colo. Jan. 3, 2024) (dismissed without prejudice for failure to prosecute and cure deficiencies as directed), and civil actions in three other district courts regarding medical treatment, *see Aigbekaen v. United States*, No. 1:24-cv-820 (D. Colo. filed Mar. 25, 2024); *Aigbekaen v. Peters*, No. 1:24-cv-0312 (D. Md. Apr. 5, 2024) (transferring action to District of Colorado); *Aigbekaen v. No Named Defendant*, No. 1:23-cv-3439 (D. Colo. Feb. 8, 2024) (dismissed without prejudice for failure to prosecute).